■ In the Matter of WILLIAM NICOLAY, Respondent, v. PORT OF NEW YORK AUTHORITY, Appellant. In the Matter of RONALD T. CALHOUN, Respondent, v. PORT OF NEW YORK AUTHORITY, Appellant.— Judgments entered on November 22, 1968, in these article 78 proceedings, remitting the matter to respondent, the Port of New York Authority, for the purpose of reducing the punishment imposed, reversed, on the law, the Port Authority's determination reinstated and petitions dismissed, without costs or disbursements. Petitioners were found to have been engaged in conduct " seriously prejudicial to the Port Authority ". The Trial Board, which was designated to inquire into the charges, found that they, after being " ordered to leave [a cargo building of Port Newark] by a

Port Authority Supervisor \* \* \* removed two boxes, each containing a bicycle". While it is true that the Authority saw fit not to make a specific charge of theft against the petitioners, this fact does not in any way change the illegal character of their actions and the Authority should not be compelled to retain these petitioners in its employ. In view of the foregoing the penalty of dismissal was not an abuse of discretion (CPLR 7803, subd. 3). The matter of sanctions rests with the Authority except for abuse of discretion. The discipline imposed was not "'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness'". (*Matter of McDermott* v. *Murphy*, 15 A D 2d 479, affd. 12 N Y 2d 780.) Concur — Stevens, P. J., Capozzoli and Steuer, JJ.; Nunez and McNally, JJ., dissent in the following memorandum by McNally, J. I dissent and vote to modify the judgments to a suspension of two years. Petitioners were not charged with theft, attempted theft or any criminal conduct, but only with conduct seriously prejudicial to the Port Authority. The Trial Board sat through 3 full days of hearings and recommended a suspension of 60 days. It concluded that dismissal of petitioners would be harsh, considering that each had an unblemished record over long periods of time, Nicolay almost 13 years and Calhoun 8 years. The board recommended that petitioners be suspended for a period of 60 days and that thereafter they be transferred from Port Newark to another Port Authority facility. The executive director of the Authority, after reviewing the findings and recommendations, dismissed petitioners from the service. I believe the reduction by Special Term to 60 days is too substantial a revision under the facts in this record, and I vote to modify by reducing the measure of discipline imposed by respondent-appellant to a suspension of two years. (See *Matter of Bovino* v. *Scott*, 22 N Y 2d 214; *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37.)